Magdalena Barbosa
Catholic Migration Services
47-01 Queens Boulevard, Suite 203
Sunnyside, New York 11104
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
------------------------------------------------------------------------x
**JIAN MING WU (aka KELVIN WU) and XIN HE WU,**
    **Plaintiffs,**

        -against-                                        **COMPLAINT**

**RUDY PUTRA, ANDREANNA PUTRA,**
**WOK N' SHOP, INC., and WB FOOD SERVICES LLC,**
        **Defendants.**
------------------------------------------------------------------------x

Plaintiffs, by their undersigned attorneys, hereby complain of Defendants as follows:

1. Plaintiffs are former employees of Defendants. Plaintiffs prepared and sold Asian food at pay by pound eateries, owned by Defendants, located within various Stop & Shop stores in New Jersey, New York, and Pennsylvania.

2. This is an action to redress violations of Plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), New Jersey Wage and Hour Law, N.J.A.C 12: 56-6.1 ("NJAC"), and Pennsylvania Wage and Hour Law, 43 P.S. § 333.105(a)(2), and regulations promulgated thereunder. Said violations arose from, *inter alia* Defendants' failures to pay Plaintiff JIAN MING WU the applicable minimum wage during a period of his employment and Defendants' failures to pay Plaintiffs overtime compensation at one and one-half times their respective regular rates of pay for time worked per week in excess of forty (40) hours.

3.  Plaintiffs' causes of action arise under, *inter alia*, FLSA Section 16(b), 29

U.S.C. § 216(b), NYLL §§ 198(1-a), N.J. Stat. 34: 11-58(a), 43 P.S. 260.9a, and the Declaratory

Judgment Act, 28 U.S.C.  2201-2202.

4.  This Court has jurisdiction of Plaintiffs' federal causes of action pursuant to 29

U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.  The Court has supplemental jurisdiction of

Plaintiffs' causes of action under New Jersey, New York, and Pennsylvania laws pursuant to 28

U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of

the same case or controversy within the meaning of Article III of the U.S. Constitution.

5.  Venue lies in the District of New Jersey because a substantial part of the

events and omissions giving rise to Plaintiffs' claims, including but not limited to most of

Plaintiffs' performance of work for Defendants and Defendants' failures to pay Plaintiffs the

wages and overtime compensation due to them by law.

## PARTIES

**Plaintiffs:**

6.  Plaintiff JIAN MING WU was employed by Defendants beginning in or about

March 2015 through on or about April 15, 2018.

7.  Throughout his employment for Defendants, JIAN MING WU earned a

monthly salary of $2,900.00 for a sixty-six hour work week. This amounts to an hourly rate of

$10.11.

8. JIAN MING WU worked for Defendants from the beginning of his

employment in or about March 2015 through on or about December 2016 at the Stop & Shop

store located at 590 Gateway Drive, Brooklyn, New York 11239. From in or about January 2017

through in or about May 2017, he worked at the Stop & Shop stores in New Jersey, including the

2

location at US-46 East, Rockaway, New Jersey 07866, and from in or about May 2017 through

in or about May 2018 he worked at the Stop & Shop store located at 26 N. Middletown Road,

Pearl River, New York 10965.

9. Plaintiff JIAN MING WU was not paid at all for the last three weeks of work.

10. Plaintiff XIN HE WU was employed by Defendants beginning in or about

October 2016 through on or about April 24, 2019.

11.  XIN HE WU worked for Defendants for approximately 66 hours per week

throughout his employment with Defendants at various Stop & Shop stores in New Jersey and

Pennsylvania, including at US-46 East, Rockaway, New Jersey 07866, 314 NJ-15, Wharton,

New Jersey 07885, 89 PA-940, Mt. Pocono, Pennsylania 18344, 921 Drinker Turnpike,

Covington Township, Pennsylvania 18444, and 3745 Aramingo Avenue, Philadelphia,

Pennsylvania 19137.

12. From in or about October 2016 through on or about December 31, 2016, XIN

HE WU earned a monthly salary of $2,200.00.

13.  From in or about January 2017 through in or about April 2017, XIN HE WU

earned a monthly salary of $2,400.00.

14. XIN HE WU took a leave of absence and returned to work for the Defendants

in or about October 2017 through on or about December 31, 2017.  During that period, XIN HE

WU earned a monthly salary of $2,400.00.

15.  From in or about January 1, 2018 through in or about April 2018, XIN HE

WU earned a monthly salary of $2,800.00.

16.   XIN HE WU took a leave of absence and returned to work for Defendants on or about October 1, 2018, and worked for Defendants until in or about the end of January 2019. During this period he earned a monthly salary of $3,000.00.

17.   In or about the end of January 2019, XIN HE WU took a leave of absence and returned to work for Defendants on or about April 8, 2019 and worked for Defendants until on or about April 24, 2019. He was promised a raise of $3,200 per month, and worked for fifteen days prior to quitting.

18.   Plaintiffs' responsibilities included preparing food and cleaning the premises.

19.   At all times during which each Plaintiff worked for Defendants, each Plaintiff was an employee within the meaning of FLSA Section 3(e), 29 U.S.C. § 203(e), who was engaged in commerce or in the production off goods for commerce, and was employed by Defendants within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g).  At all such times, each Plaintiff was also an employee within the meaning of NYLL §§ 190(2) and 651(5), N.J. Stat. §34:11-56a1(h), 43 P.S. § 33.3.103 (h); and was employed and permitted to work by Defendants within the meaning of NYLL §§ 2(7) and 651(5), N.J. Stat. §34:11-56a1(f), and 43 P.S. § 33.3.103 (f).

**Defendants:**

20. On information and belief, RUDY PUTRA was the principal owner and officer of WOK N' SHOP, INC., and WB FOOD SERVICES LLC and the principal director of its board of directors.

21.  Throughout the time that the Plaintiffs worked for the Wok n Shop Defendants, RUDY PUTRA was an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), employed each Plaintiff within the meaning of FLSA Section 3(g), 29 U.S.C. §

4

203(g), was an employer within the meaning of NYLL §§ 190(3) and 651(6), N.J. Stat. §34:11-56a1(g), and 43 P.S. § 333.103(g), and permitted each Plaintiff to work within the meaning of NYLL §§ 2(7) and 651(5), N.J. Stat. §34:11-56a1(f), and 43 P.S. § 33.3.103 (f).

22.  Throughout the time that the Plaintiffs worked for the Wok n Shop Defendants, RUDY PUTRA had the authority to fire each Plaintiff, determine the days and hours worked by each Plaintiff, the tasks performed by each Plaintiff, the rate(s) at which each Plaintiff was compensated, and the amount(s) of compensation paid to each Plaintiff.

23. On information and belief, ANDREANNA PUTRA was the principal owner and officer of WOK N' SHOP, INC., and WB FOOD SERVICES LLC and the principal director of its board of directors.

24.  At all times relevant herein, ANDREANNA PUTRA was an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), employed each Plaintiff within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g), was an employer within the meaning of NYLL §§ 190(3) and 651(6), N.J. Stat. §34:11-56a1(g), and 43 P.S. § 333.103(g), and permitted each Plaintiff to work within the meaning of NYLL §§ 2(7) and 651(5), N.J. Stat. §34:11-56a1(f), and 43 P.S. § 33.3.103 (f).

25.  At all times relevant herein, ANDREANNA PUTRA had the authority to fire each Plaintiff, determine the days and hours worked by each Plaintiff, the tasks performed by each Plaintiff, the rate(s) at which each Plaintiff was compensated, and the amount(s) of compensation paid to each Plaintiff.

26.  Throughout the time that the Plaintiffs worked for the Wok n Shop Defendants, WOK N' SHOP, INC., was and continues to be a for-profit corporation incorporated in the State of New Jersey which owned and operated various pay by pound eateries in Stop &

5

Shop storess throughout New Jersey, Pennsylvania, and New York.  At all times relevant herein, WOK N' SHOP, INC. was an enterprise within the meaning of 29 U.S.C. §203(r) that engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203 (s)(1), in that it (a) has had an annual gross volume of sales of not less than $500,000.00 at all times relevant to this action; and (b) has had employees working with and/or selling goods and materials that have been shipped into this state from other states.

27.  Throughout the time that the Plaintiffs worked for the Wok n Shop Defendants, WOK N' SHOP, INC. was an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), employed Plaintiffs JIAN MING WU and XIN HE WU within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g), was an employer within the meaning of NYLL §§ 190(3) and 651(6), N.J. Stat. §34:11-56a1(g), and 43 P.S. § 333.103(g), and permitted Plaintiffs JIAN MING WU and XIN HE WU to work within the meaning of NYLL §§ 2(7) and 651(5), N.J. Stat. §34:11-56a1(f), and 43 P.S. § 33.3.103 (f). WOK N' SHOP, INC. hired Plaintiffs JIAN MING WU and XIN HE WU.  WOK N' SHOP, INC. (a) had the power to fire JIAN MING WU and XIN HE WU, (b) determined the days and hours they worked, the tasks they performed, the rate(s) at which they were compensated and the amount(s) of compensation paid to them, and (c) supervised their work.

28.  Throughout the time that the Plaintiffs worked for the Wok n Shop Defendants, WB FOOD SERVICES LLC was a for-profit corporation incorporated in the State of New Jersey which owned and operated various pay by pound eateries in Stop & Shop supermarkets throughout New Jersey, Pennsylvania, and New York.  At all times relevant herein, WB FOOD SERVICES LLC was an enterprise within the meaning of 29 U.S.C. §203(r) that engaged in commerce or in the production of goods for commerce within the meaning of 29

6

U.S.C. §203 (s)(1), in that it (a) has had an annual gross volume of sales of not less than $500,000.00 at all times relevant to this action; and (b) has had employees working with and/or selling goods and materials that have been shipped into this state from other states.

29. Throughout the time that the Plaintiffs worked for the Wok n Shop Defendants, WB FOOD SERVICES LLC was and remains an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), employed Plaintiffs JIAN MING WU and XIN HE WU within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g), was an employer within the meaning of NYLL §§ 190(3) and 651(6), N.J. Stat. §34:11-56a1(g), and 43 P.S. § 333.103(g) and employed each Plaintiff and permitted Plaintiffs JIAN MING WU and XIN HE WU to work within the meaning of NYLL §§ 2(7) and 651(5), N.J. Stat. §34:11-56a1(f), and 43 P.S. § 33.3.103 (f). WB FOOD SERVICES LLC hired Plaintiffs JIAN MING WU and XIN HE WU. WB FOOD SERVICES LLC (a) had the power to fire JIAN MING WU and XIN HE WU, (b) determined the days and hours they worked, the tasks they performed, the rate(s) at which they were compensated and the amount(s) of compensation paid to them, and (c) supervised their work.

30. Defendants WOK N SHOP, INC. and WB FOOD SERVICES LLC acted together as an enterprise within the meaning of 29 U.S.C. §203(r) by collectively engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203 (s)(1), in that together both entities (a) has had an annual gross volume of sales of not less than $500,000.00 at all times relevant to this action; and (b) has had employees working with and/or selling goods and materials that have been shipped into this state from other states.

31. Defendants WOK N SHOP, INC. and WB FOOD SERVICES LLC were joint employers of Plaintiffs within the meaning of FLSA Section 3(g), 29 U.S.C. § 203(g),

NYLL §§ 190(3) and 651(6), N.J. Stat. §34:11-56a1(g), and 43 P.S. § 333.103(g), and permitted

Plaintiffs JIAN MIN WU and XIN HE WU to work within the meaning of NYLL §§ 2(7) and

651(5), N.J. Stat. §34:11-56a1(f), and 43 P.S. § 33.3.103 (f).

### FIRST CAUSE OF ACTION (NYLL MINIMUM WAGE)
### (AS TO PLAINTIFF JIAN MING WU)

32.  Plaintiffs re-allege and incorporate by reference all allegations in all

preceding paragraphs as if fully set forth herein.

33.  Beginning on December 31, 2016 through December 30, 2017,  NYLL §

652(1) required every employer in New York City with eleven or more employees, including

Defendants, to pay each employee, including each Plaintiff then employed, wages at not less

than $11.00 per hour.  Beginning on December 31, 2017 through December 30, 2018, NYLL §

652(1) has required every employer, including Defendants, to pay each employee, including each

Plaintiff then employed, wages at not less than $13.00 per hour.

34.  Defendants thereby violated NYLL § 652(1).  Said violations of § 652(1)

were willful within the meaning of NYLL § 663(1).

### SECOND CAUSE OF ACTION (FLSA OVERTIME COMPENSATION)
### (AS TO PLAINTIFFS JIAN MING WU AND XIN HE WU)

35.  Plaintiffs re-allege and incorporate by reference all allegations in all

preceding paragraphs as if fully set forth herein.

36.  Each Plaintiff regularly worked more than forty hours for Defendants

throughout their employment.

37.  Each Plaintiff regularly worked more than forty hours for Defendants, yet

Defendants failed to compensate Plaintiffs for overtime worked at one and one-half times the

Plaintiffs' regular rate of pay for each hour worked in excess of forty hours.

38. Defendants thereby violated § 207(a).  Said violations of 29 U.S.C. § 207(a) were willful within the meaning of 29 U.S.C. § 255(a).

### THIRD CAUSE OF ACTION (NYLL OVERTIME COMPENSATION) (ONLY AS TO PLANITIFF JIAN MING WU)

39. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

40. From in or about March 2015 through in or about December 2016 and from in or about May 2017 through in or about May 2018, Plaintiff Jian Ming Wu worked for Defendants at locations within New York State.  During that period, Plaintiff Jian Ming Wu regularly worked more than forty hours for Defendants, yet Defendants failed to compensate Plaintiff Jian Ming Wu for overtime worked at one and one-half times Plaintiff Jian Ming Wu's regular rate of pay for each hour worked in excess of forty hours.

41. Defendants thereby violated 12 NYCRR § 142-2.2

### FOURTH CAUSE OF ACTION (NEW JERSEY WAGE AND HOUR LAW) (AS TO PLAINTIFFS JIAN MING WU and XIN HE WU)

42. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

43. From in or about January 2017 through in or about May 2017, Plaintiff Jian Ming Wu worked for the Defendants at locations within New Jersey.  Plaintiff Jian Ming Wu regularly worked more than forty hours for Defendants, yet Defendants failed to compensate Plaintiff Jian Min Wu for overtime worked at one and one-half times Plaintiff Jian Ming Wu's regular rate of pay for each hour worked in excess of forty hours.

44. From in or about October 2016 through on or about April 24, 2019, Plaintiff Xin He Wu worked for the Defendants at locations within New Jersey.  Plaintiff Xin He Wu regularly worked more than forty hours for Defendants, yet Defendants failed to compensate Plaintiff Xin He Wu for overtime worked at one and one-half times Plaintiff Xin He Wu's regular rate of pay for each hour worked in excess of forty hours.

45.  Defendants thereby violated New Jersey Wage and Hour Law, N.J.S.A§34:11-56(a)(4).

### FIFTH CAUSE OF ACTION (PENNSYLVANIA WAGE LAWS) (ONLY AS TO PLAINTIFF XIN HE WU)

46.  Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

47.  From in or about October 2016 through on or about April 24, 2019, Plaintiff Xin He Wu worked for Defendants at locations within Pennsylvania.  During that period, Plaintiff Xin He Wu regularly worked more than forty hours for Defendants, yet Defendants failed to compensate Plaintiff Xin He Wu for overtime worked at one and one-half times Plaintiff Xin He Wu's regular rate of pay for each hour worked in excess of forty hours.

48.  It is unlawful under 43 P.S. § 333.104(c) for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime

49.  Plaintiff Xin He Wu's position at Defendants' workplace did not meet the standards for any exemption under Pennsylvania Wage Law, 43 P.S. § 333.105.

50.  Defendants, through their policies and practices described above, willfully violated Pennsylvania Wage Law throughout the statutory period by failing to pay Plaintiff Xin He Wu overtime pay at the rate of time and one half their regular rate of pay for all hours of overtime worked, in violation of 43 P.S. 333.104(c).

10

## RELIEF

**WHEREFORE**, Plaintiffs hereby seek the following relief:

A.      Judgement in favor of Plaintiff Jian Ming Wu against Defendants, jointly and severally, in the amount of unpaid minimum wages due to Plaintiff Jian Ming Wu pursuant to the NYLL and an additional amount as liquidated damages;

B.      Judgment in favor of Plaintiffs Jian Ming Wu and Xin He Wu against Defendants, jointly and severally, in the amount of the unpaid overtime compensation due to the Plaintiffs pursuant to the FLSA and an additional equal amount as liquidated damages;

C.      Judgment in favor against Defendants, jointly and severally, in the amount of the unpaid overtime compensation due to the Plaintiff Jian Ming Wu pursuant to the NYLL and regulations promulgated thereto, and an additional award as liquidated damages in the amount of 100% of the unpaid overtime compensation due to Plaintiff Jian Ming Wu under New York law;

D.      Judgment in favor of Plaintiffs Jian Ming Wu and Xin He Wu against Defendants, jointly and severally, in the amount of the unpaid overtime compensation due to the Plaintiffs pursuant to New Jersey Wage and Hour Law and an additional award as liquidated damages in the amount of 100% of the unpaid overtime compensation due to the Plaintiffs under New Jersey Wage and Hour Law;

E.      Judgment in favor of Plaintiff Xin He Wu against Defendants, jointly and severally, in the amount of the unpaid overtime compensation due pursuant to the Pennsylvania Wage Laws and regulations promulgated thereto, and an additional award as liquidated damages in the amount of 100% of the unpaid overtime compensation due to Plaintiff Xin He Wu under Pennsylvania law;

F.      Pre-judgment interest;

11

G.    Reasonable attorneys' fees and costs of the action; and

H.    Such other relief as this Court shall deem just and proper.


Respectfully submitted,

**CATHOLIC MIGRATION SERVICES**


By:    Magdalena Barbosa
       47-01 Queens Boulevard, Suite 201
       Sunnyside, New York 11104
       Phone:  347-472-3500 ext. 1017
       Fax:    347-472-3501

       Attorneys for Plaintiffs