**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIAN MING WU, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>RUDY PUTRA, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 19-18807 (CCC)<br><br>**OPINION** |

**CECCHI**, District Judge.

Presently before the Court is plaintiffs Jian Ming Wu and Xin He Wu's ("Plaintiffs") motion for default judgment and costs against defendant Wok N' Shop, Inc. ("Defendant"). ECF No. 17. Defendant has not appeared in this case or otherwise responded to the motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Plaintiffs' motion for default judgment.

### I.　　BACKGROUND

Plaintiffs initially filed the complaint in this matter on October 8, 2019 (ECF No. 1), and filed an amended complaint (the "Amended Complaint") on December 23, 2019 (ECF No. 8). The Amended Complaint alleges that Plaintiffs were former employees of Defendant who prepared and sold Asian food at pay by pound eateries located within various ShopRite supermarkets in New Jersey, New York, and Pennsylvania. ECF No. 8 at 1. Plaintiffs allege that they regularly worked in excess of forty (40) hours per week, but were denied overtime compensation they were owed by Defendant. Id. Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"),

New York Labor Law ("NYLL"),[1] New Jersey Wage and Hour Law ("NJWHL"), and Pennsylvania Wage and Hour Law ("PWHL").[2] Id. at 1–2. Plaintiff Jian Ming Wu alleges that he was employed by Defendant from March 2015 through April 2018 and earned a monthly salary of $2,900 while working sixty-six (66) hours per week. Id. at 2. Plaintiff Xin He Wu alleges that he worked for Defendant from October 2016 through April 2019 and was paid, at various times, a salary between $2,200 per month and $3,200 per month. Id. at 3–4. Plaintiffs were responsible for cooking food and cleaning the premises throughout their employment. Id. at 4.

The Amended Complaint alleges that Defendant was Plaintiffs' employer as defined by the FLSA and companion state statutes, and that it had hiring/firing authority, determined the days and hours that Plaintiffs worked, the tasks performed by Plaintiffs, and the amount of compensation paid to Plaintiffs. Id. at 5.

Plaintiffs effectuated service of the Amended Complaint on Defendant on December 26, 2019, and proof of service was filed on the docket on January 8, 2020. *See* ECF No. 10. On September 1, 2020, the Clerk of the Court entered default at Plaintiffs' request. Plaintiffs now move for default judgment seeking the unpaid overtime and costs.

---

[1] Plaintiffs only assert a NYLL claim as to Jian Ming Wu, as Xin He Wu did not work in New York for Defendant. ECF No. 17 at 9 n.1.
[2] Plaintiffs only assert a PWHL claim as to Xin He Wu, as Jian Ming Wu did not work in Pennsylvania for Defendant. ECF No. 17 at 10 n.2.

## II. MOTION FOR DEFAULT JUDGMENT

### A. Entitlement to Default Judgment

#### 1. Legal Standard

Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the Clerk enters default, a plaintiff may move for a default judgment. Fed. R. Civ. P. 55(b). Here, the Clerk has entered default, and so the Court will address Plaintiffs' motion on the merits.

In order to award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiff would suffer prejudice if the default judgment were denied; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's own culpable conduct caused his delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (including a fourth factor, "the effectiveness of alternative sanctions"). In making these findings, Plaintiffs' factual allegations in the Amended Complaint will be taken as true, except for those relating to the amount of damages. *DIRECTV, Inc. v. Pepe,* 431 F.3d 162, 165 n. 6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.3d 1142, 1149 (3d Cir. 1990)). "Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim." *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

2. Application

As an initial matter, the Court finds that Plaintiffs have clearly established a cause of action under the FLSA, NYLL, NJWHL, and PWHL. "Under the FLSA, employees must be paid one and a half times their 'regular rate' of pay for each hour worked in excess of 40 hours a week against an employer." *Qu Wang v. Fu Leen Meng Rest. Ltd. Lia. Co.*, No. 16-8772, 2018 WL 1027446, at *2 (D.N.J. Feb. 23, 2018); *see also Cazares v. 2898 Bagel & Bakery Corp.*, No. 18-5953, 2020 WL 2832766, at *5 (S.D.N.Y. May 31, 2020) ("Under the NYLL, the definition of employee and employer are nearly identical to those under the FLSA. . . . Likewise, the NYLL's minimum wage and overtime provisions mirror those of the FLSA. . . . Accordingly, the Court also finds that Plaintiffs' allegations are sufficient to establish Defendant's liability for NYLL minimum wage and overtime violations."); *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (explaining that the NJWHL mirrors the FLSA and therefore "interpretations construing FLSA are applicable"); *Kaskey v. Osmose Holdings, Inc.*, No. 13-4825, 2014 WL 1096149, at *3 (E.D. Pa. Mar. 20, 2014) (internal citation omitted) ("Courts have interpreted the 'practically identical' language of the [FLSA and PWHL] to have the same meaning."). Therefore, Plaintiffs can show a claim for overtime compensation under the FLSA and the companion state law claims by alleging "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (internal citations omitted).

Plaintiffs must also show that Defendant was an employer for liability to attach, which is determined by the control exhibited by the defendant. *Qu Wang*, 2018 WL 1027446, at *2. Such factors considered by the Court to determine control include whether Defendant: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or

4

conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *2 (D.N.J. Oct. 21, 2016) (citations omitted).

Here, Plaintiffs have alleged that they both typically worked approximately 66 hours per week, *i.e.* over 40 hours per week, and did not receive overtime compensation for the hours worked over 40 hours per week. ECF No. 8 at 2–3. Plaintiffs further allege that Defendant had control over employees because it: (1) hired, fired, and supervised employees; (2) determined rates of pay; and (3) maintained records of employment. Id. at 5. These allegations, accepted as true for purposes of deciding this motion, are sufficient for the Court to find that Plaintiffs have stated viable causes of action for violations of the FLSA, NYLL, NJWHL, and PWHL.

With respect to the factors articulated above that the Court must consider in order to grant a default judgment, the Court finds that Plaintiffs have been harmed by not receiving payment, and that Plaintiffs will have no other means of vindicating their claims against Defendant absent default judgment. Therefore, Plaintiffs will suffer prejudice without default judgment. It is self-evident that the Court cannot consider any defenses because Defendant has failed to appear or otherwise respond in this action. *See Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). Finally, Defendant's delay appears to be the result of culpable conduct considering Plaintiffs effected service over a year ago in December 2019, but Defendant has not appeared or otherwise responded since. Accordingly, in light of these factors, the Court finds the entry of default judgment to be appropriate.

**B. Damages**

1. <u>Legal Standard</u>

Plaintiffs seek liquidated damages under the FLSA from the period of October 8, 2016 to October 8, 2019, and liquidated damages under the NYLL for the period of October 8, 2013 through October 8, 2016. ECF No. 17 at 12. Plaintiffs also seek pre-judgment interest, as allowed by the FLSA. *See Pignataro v. Port Auth. of New York & New Jersey*, 593 F.3d 265, 274 (3d Cir. 2010).

Under the FLSA, defendant-employers who violate its provisions are liable for the amount of overtime compensation that was not paid to the plaintiff-employees. 29 U.S.C. § 216(b). The burden is on the plaintiff-employees to show the amount of overtime worked "as a matter of just and reasonable inference," which can be based on the plaintiff-employees' recollection. *Santiago*, 2016 WL 6138248, at *3 (citations omitted). The amount of overtime wages owed by the defendant-employer are calculated from the plaintiff-employees' regular rate, or rate per hour, which is determined for employees paid a monthly salary by dividing said salary by 40 hours per week. *Id.* (citing 29 C.F.R. § 778.109); *see also Qu Wang*, 2018 WL 1027446, at *4–5 (performing a similar calculation whereby the Court first determined the amount of weekly pay to then determine the amount of hourly pay). As stated above, overtime wages are equal to at least one and a half times the regular rate of pay a plaintiff-employee receives. 29 U.S.C. § 207(a)(1).

The FLSA also provides for liquidated damages in an amount equal to the actual damages that the defendant-employer is liable for. 29 U.S.C. § 216(b). A district court shall award liquidated damages to a plaintiff-employee unless the defendant-employer can show that "its actions were 'in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation' of the FLSA, and the district court finds liquidated damages

unwarranted." *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988) (quoting 29 U.S.C. § 260).

The NYLL has a similar liquidated damages provision. It states, in relevant part, that "the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and . . . an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." N.Y. Lab. Law § 198(1-a).

2. Application

In this case, Plaintiff Jian Ming Wu represents by sworn affidavit that: (1) he worked for Defendant from about March 2015 through May 15, 2018; (2) he was paid $2,900 a month in biweekly installments; (3) he worked 66 hours per week; and (4) he was not compensated with overtime for the hours he worked over 40 hours per week, *i.e.*, 26 hours worked per week. (ECF No. 17-3 at 2–3). Plaintiff Xin He Wu represents by sworn affidavit that (1) he worked for Defendant from about October 2016 through April 2019; (2) he was paid between $2,200 and 3,200 a month in biweekly installments; (3) he worked 66 hours per week; and (4) he was not compensated with overtime for the hours he worked over 40 hours per week, *i.e.*, 26 hours worked per week. (ECF No. 17-4 at 2–3).

Based on these representations, and the calculations submitted to the Court by Plaintiffs' counsel, the Court finds that Plaintiff Jian Ming Wu is owed a total of $19,841.11 in overtime wages and Plaintiff Xin He Wu is owed a total of $8,496.99 in overtime wages. *See* ECF No. 17-2 at 4; ECF No. 17-5 at 2.

Plaintiffs are also entitled to liquidated damages. In situations such as this, where Defendant has not appeared and has not presented any evidence of good faith, the Court should

award Plaintiffs liquidated damages in an amount equal to the actual damages awarded. *See Santiago*, 2016 WL 6138248, at *4 ("As Defendants have failed to appear, presenting no evidence regarding good faith, the Court must award liquidated damages."); *Garcia-Martinez v. V. Puzino Dairy, Inc.*, No. 11-6829, 2014 WL 7011536, at *2 (D.N.J. Dec. 11, 2014). Accordingly, the Court concludes that Plaintiff Jian Ming Wu is owed a total of $19,841.11 in liquidated damages and Plaintiff Xin He Wu is owed a total of $8,496.99 in liquidated damages. ECF No. 17-5 at 2. After including prejudgment interest, Plaintiffs are collectively owed a total amount of $63,373.17 in damages.[3]

### III. MOTION FOR COSTS

The FLSA provides that "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b). Here, Plaintiffs only seek to recover litigation costs including all process serving fees and costs associated with locating the named defendants. The Court finds that Plaintiffs' litigation costs of $400 to file the complaint and $731 to locate and effectuate service are reasonable and supported by filed exhibits. *See* ECF No. 17-2 at 4; ECF No. 17-5 at 2. Accordingly, the Court will grant Plaintiffs' motion for costs in the amount of $1,131.00.

### IV. CONCLUSION

For the aforementioned reasons, the Court shall grant Plaintiffs' motion for default judgment and grant Plaintiffs' motion for costs. Specifically, the Court shall award Plaintiffs an amount of $63,373.17 in damages and $1,131.00 in costs. An appropriate Order follows this Opinion.

---

[3] The Court adopts Plaintiffs' pre-judgment interest determination of $6,204.14 for Plaintiff Jian Ming Wu and $492.83 for Xin He Wu. ECF No. 17-2 at 4.

**SO ORDERED.**

**DATE:** May 19, 2021

_____
**CLAIRE C. CECCHI, U.S.D.J.**